# UNITED STATES DISTRICT COURT

<u>NORTHERN</u> DISTRICT OF <u>ILLINOIS, EASTERN DIVISION</u>

UNITED STATES OF AMERICA

v.

ANTONIO VASQUEZ,
DAVID VIZCARRA, and
JACINTO VIZCARRA

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

FILED
DEC 10 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CASE NUMBER: **07CR 823**

**MAGISTRATE JUDGE NOLAN**

I, Jeremy L. Resar, being duly sworn state the following is true and correct to the best of my knowledge and belief: on or around <u>December 5, 2007</u>, at Chicago, in <u>Cook County</u>, in the <u>Northern</u> District of <u>Illinois</u>, defendant, ANTONIO VASQUEZ, DAVID VIZCARRA, and JACINTO VIZCARRA, did (Track Statutory Language of Offense)

conspire with each other and others to unlawfully seize, confine, kidnap and hold for ransom Individual 1 and willfully transport Individual 1 from Indiana to Illinois, in interstate commerce, and used a telephone, an instrument of interstate commerce in committing and in furtherance of the offense.

in violation of Title <u>18</u> United States Code, Section(s) <u>1201(c)</u>.

I further state that I am a(n) <u>Special Agent with the Federal Bureau of Investigations</u> and that this complaint is based on the following facts:

*Official Title*

See Attached Affidavit

Continued on the attached sheet and made a part hereof: **X** Yes ___ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

December 10, 2007
Date

at Chicago, Illinois
City and State

Hon. Judge Nan R. Nolan, U.S. Magistrate Judge
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

STATE OF ILLINOIS  )
                   )  SS
COUNTY OF COOK     )

## AFFIDAVIT

I, Jeremy L. Resar, being duly sworn, hereby depose and say:

1. I am a Special Agent with the United States Federal Bureau of Investigation. I have been a Special Agent for approximately sixteen months. I am currently assigned to the Chicago Division, South Resident Agency. I investigate violations of federal crimes including kidnapping, drug-related crimes, and firearms offenses.

2. This affidavit is in support of a criminal complaint for ANTONIO VASQUEZ, DAVID VIZCARRA, and JACINTO VIZCARRA. The information contained in this affidavit is based on my personal knowledge, as well as information provided to me by other law enforcement officers. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the attached complaint, this affidavit does not set forth each and every fact that I have learned during this investigation.

3. On or about December 7, 2007, Individual 2 contacted the Indiana law enforcement officials and stated that his mother, Individual 1, had been kidnapped and was being held for a ransom of $50,000. Individual 2 informed the Indiana Law Enforcement officer that he had received a telephone call from an unknown individual during which he was told of the kidnapping and the ransom. He was allowed to speak with his mother during the call and she confirmed that she had been kidnapped. Indiana law enforcement subsequently obtained the telephone number that Individual 2 had been contacted by and traced the location of that phone to 5214 73rd Street, Apt. 4, Summit, Illinois ("the Apartment"). Chicago law enforcement agents observed Individual 1's vehicle at 5214 73rd Street, Apt. 4, Summit, Illinois. Law enforcement agents then traced the signal

of the cellular phone used to contact Individual 2 to the Apartment. Law enforcement agents entered the Apartment and discovered Individual 1, and two males later identified as VASQUEZ and DAVID VIZCARRA.

5. Individual 1 told law enforcement officers the following information. On December 5, 2007, at approximately 10:00 a.m., Individual 1 was at a service plaza approximately 30 miles from South Bend off the Indiana Toll Road in Indiana. Individual 1 exited the service plaza restaurant and began to walk to her vehicle. As she walked towards her vehicle, Individual 1 noticed a dark colored suburban pull immediately next to her vehicle. She also noticed a man standing near the suburban, later identified as VASQUEZ. When Individual 1 approached her vehicle, a male smoking a cigarette was standing next to her vehicle, later identified as DAVID VIZCARRA. When she reached her car, and attempted to open her car door, VASQUEZ AND DAVID VIZCARRA grabbed her, put her arm behind her back and forced her into the suburban.

6. Once inside the suburban, VASQUEZ instructed Individual 1 that she owed a debt and would be forced to pay. The suburban was driven by a male, later identified as JACINTO VASQUEZ. DAVID AND JACINTO VIZCARRA transported Individual 1 to the Apartment. VASQUEZ followed DAVID AND JACINTO VIZCARRA in Individual 1's car. Once at the Apartment, Individual 1 spoke by cellular telephone with a male, who she believed was CO-CONSPIRATOR 1 because he identified himself by his known nickname. CO-CONSPIRATOR 1 informed Individual 1 that she owed a drug debt to the cartel and needed to pay $50,000.00.

7. While at the Apartment, Individual 1 was at all times accompanied by VASQUEZ and DAVID VIZCARRA. VASQUEZ AND DAVID VIZCARRA took Individual 1's shoes and socks.

8. On December 7, 2007, law enforcement agents interviewed VASQUEZ and DAVID VIZCARRA regarding Individual 1's kidnapping. After providing both VASQUEZ and DAVID

VIZCARRA with their Miranda rights, VASQUEZ and DAVID VIZCARRA waived these rights and spoke with law enforcement. VASQUEZ and DAVID VIZCARRA confessed to kidnapping Individual 1 on December 5, 2007 and holding her at the Apartment. VASQUEZ AND DAVID VIZCARRA agreed to cooperate with law enforcement agents in hopes of receiving credit for their cooperation and provided the following information:

　　a.　VASQUEZ was recruited to participate in a kidnapping by CO-CONSPIRATOR 1.

　　b.　VASQUEZ recruited DAVID VIZCARRA to participate as well. VASQUEZ AND DAVID VIZCARRA met with CO-CONSPIRATOR 1 to discuss the details of the kidnapping. Each was to be pay $3,000 for the kidnapping by CO-CONSPIRATOR 1.

　　c.　Once VASQUEZ AND DAVID VIZCARRA had Individual 1 in their custody, VASQUEZ called CO-CONSPIRATOR 1 and informed him that they had gotten Individual 1 and were traveling towards the Apartment.

　　d.　At CO-CONSPIRATOR 1's direction, VASQUEZ contacted Individual 1's son, Individual 2. VASQUEZ informed Individual 2 that he had Individual 1 and wanted $50,000 in ransom money to release her.

9.　Between 9:00 p.m. and 10:30 p.m., on December 7, 2007, under the direction of law-enforcement, VASQUEZ contacted CO-CONSPIRATOR 1 and informed him that Individual 2 had money and was on his way to the Apartment. This telephone call was recorded. As a result of the call, CO-CONSPIRATOR 1 stated that he would return to the Apartment.

10.　At approximately 10:50 p.m. on December 7, 2007, CO-CONSPIRATOR 1 returned to the Apartment and was arrested by law enforcement.

11.     DAVID VIZCARRA also agreed to contact JACINTO VIZCARRA, his father, under the direction of law enforcement. DAVID VIZCARA contacted him by telephone and stated that JACINTO VIZCARRA needed to return to the Apartment. DAVID and JACINTO VIZCARRA agreed to meet at Archer Street near the Apartment. This telephone call was recorded.

12.     At approximately 12:00 a.m. on December 8, 2007, DAVID VIZCARRA was arrested by law enforcement on Archer Street, approximately a half-mile south of the Apartment. After providing JACINTO VIZCARRA with his Miranda rights, JACINTO VIZCARRA waived these rights and spoke with law enforcement. JACINTO VIZCARRA confessed to kidnapping Individual 1.

13.     Affiant submits that the foregoing evidence establishes probable cause that VASQUEZ, DAVID VIZCARRA, and JACINTO VIZCARRA conspired with each other and others to unlawfully seize, confine, kidnap and hold for ransom Individual 1 and willfully transport Individual 1 from Indiana to Illinois, in interstate commerce, in violation of Title 18, United States Code, Section 1201(c).

X _____
Jeremy L. Resar
Special Agent
Federal Bureau of Investigation

Subscribed and sworn before me this 10th day of December 2007.

_____
Nan R. Nolan
United States Magistrate Judge